# AUNT JEMIMA MILLS COMPANY v. KIRKLAND DISTRIBUTING COMPANY.

---

TRADEMARKS; SIMILARITY.

A trademark consisting of the bust of a negro holding a piece of watermelon under the chin, surmounted by the words "Good Enuf," is not registrable over a prior mark consisting of the bust of a negro woman with a red bandana handkerchief around her neck, surmounted by the words "Aunt Jemima," where both marks are used on goods of the same descriptive properties.

NOTE.—On right to use a word substantially similar to that used by another, as trademark or tradename, as affected by difference in appearance in other respects, see note in 12 L.R.A. (N.S.) 729.

No. 1190. Patent Appeals.   Submitted November 18, 1918.   Decided December 2, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to the registration of a trademark.                                    *Reversed.*

The facts are stated in the opinion.

*Mr. Homer G. Underwood, Mr. Frank F. Reed, Mr. Edward S. Rogers,* and *Mr. Francis M. Phelps* for the appellant.

*Mr. E. T. Fenwick* and *Mr. L. L. Morrill* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellant, the Aunt Jemima Mills Company, opposes the registration by appellee, the Kirkland Distributing Company, of the trademark, for use on self-rising flour, consisting of the bust of a negro holding a piece of watermelon under the chin, surmounted by the words "Good Enuf." The opposition is based upon a registered mark for use on pancake flour, consisting of the bust picture of a negro woman with a red bandana handkerchief around her neck, surmounted by the words "Aunt Jemima." From a decision dismissing the opposition, the case comes here on appeal.

It is substantially conceded that the goods upon which the respective marks are used are of the same descriptive properties. The concession obviates the necessity of an express holding to the same effect. The only question left is whether the marks are so similar as to be likely to create confusion in trade. It would be difficult to imagine a more flagrant violation of the statute than the one here presented. The red core of the watermelon with its seed spots, held under the chin of the negro, is a good reproduction of the red bandana with its spots, tied around the neck of the negress. A mere glance at the marks is convincing. No evidence of confusion is neces-

sary, nor can any amount of fine-spun discrimination withdraw the case from the direct operation of the statute.　The opposition should have been sustained.

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required.　　　　　　　　　　　　　　　　*Reversed.*